UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                  Plaintiff,

   -v.-                                                  6:08-CV-1197
                                                         (NPM/DEP)

FALLS COURT PROPERTIES
COMPANY, MORRIS WINKLER,
AND GEORGE H. KIDNEY, JR.,

                                  Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HARRIS BEACH PLLC<br>Attorneys for Plaintiff<br>One Park Place<br>4th Floor<br>300 South State Street<br>Syracuse, New York 13202 | DAVID P. MARTIN<br>LAUREN H. SEITER |
| BERSANI LAW OFFICE<br>Attorneys for Defendants<br>306 Syracuse Building<br>224 Harrison Street<br>Syracuse, New York 13202 | FRANK A. BERSANI<br>RYAN ABEL |

Neal P. McCurn, Senior District Judge

## ***SUMMARY ORDER***

    Presently before this Court is the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, dated May 7, 2009

(Dkt. No. 16), recommending that plaintiff United States of America's ("Plaintiff") motion for appointment of a temporary receiver (Dkt. No. 8) be granted.

Pursuant to 28 U.S.C. § 636(b)(1), defendants Falls Court Properties Company, Morris Winkler, and George H. Kidney, Jr. ("Defendants") timely filed objections to the instant Report and Recommendation. Accordingly, the court must review de novo those portions of the Report and Recommendation to which objection is made.

Defendants argue, without citation of supporting legal authority, that the magistrate erred when he applied the incorrect standard in deciding Plaintiff's motion, to wit, that the Plaintiff has a minimal burden, that the balance of the equities does not clearly reflect that no useful purpose would be served by the appointment of a temporary receiver, and that the appointment of a receiver would not result in undue harm to Defendants. Instead, Defendants argue that Plaintiff must show it will suffer irreparable harm absent the requested relief and that the balance of the equities demonstrates the harm sustained by Plaintiff absent the requested relief is greater than the harm sustained by Defendants as a result of the appointment of a receiver.

Defendants also object to the magistrate's finding that Plaintiff made a prima facie showing of default. According to Defendants, the plain language of the covenant requires a default, not merely a foreclosure, in order for the appointment of a temporary receiver. Defendants further object to the magistrate's appointment of a receiver despite clear evidence that same is not required to protect the Plaintiff's interests.

Finally, Defendants object to the magistrate's failure to place any limitations upon the receiver's use of funds and that the receiver should be prohibited from assessing and/or using any of the funds deposited by Defendants in the general

account for the project.

The court has conducted a thorough de novo review of those aspects of the Report and Recommendation to which the Defendants object. Upon due consideration, the court finds no legal or factual error in the Report and Recommendation, and therefore concurs in its conclusions. Specifically, the court finds that Judge Peebles applied the appropriate legal standard to the facts of this case in order to decide the instant motion, and further that there is ample evidence before the court to find that Defendants are in default.

Accordingly, Defendants' objections are denied and the court adopts in its entirety the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, dated May 7, 2009 (Dkt. No. 16), and GRANTS plaintiff United States of America's motion for appointment of a temporary receiver (Dkt. No. 8).

IT IS SO ORDERED.

DATED:   June 30, 2009
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge